## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| **TRISTEN LAMONS** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 25-480-SDD-EWD** |
| | * | |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| | * | |
| | * | **MAGISTRATE JUDGE ERIN** |
| **MASTER SGT. OCTAVIA THOMPSON,** | * | **WILDER-DOOMES** |
| **ET AL** | * | |

---

### SECOND AMENDED COMPLAINT

---

1.      Plaintiff, Tristen Lamons ("Plaintiff" or "Mr. Lamons"), through undersigned counsel, hereby submits this Complaint against Defendants, Master Sgt. Octavia Thompson; Lt. Malik Haynes; Col. Williams; Msgt. Kimmy Shropshire; Msgt. Jermaine Granger; Lt. Col. Marcus Harris; Captain Casey Cooley; Major Michael Howard; Col. Ricky Williams; Lt. Col. Alivin Matthews; Col. Frazier Bendily; Msgt. Janiequa Jackson; Dixon Correctional Institute, Through Keithe Turner, Warden; Dan J. Lafleur, M.D; Keithe Turner, in his capacity as Warden Of Dixon Correctional Institute; Louisiana Department of Public Safety and Corrections, On Behalf of Dixon Correctional Institute (collectively "Defendants") as follows:

### INTRODUCTION

2.      This is a civil rights lawsuit brought by Plaintiff Tristen Lamons, for violation of federally protected constitutional rights, as well as state law claims under Louisiana Constitution art. 1 sec. 20, the Louisiana Code of Civil  Procedure and for failure to provide inmate with

appropriate medical care, resulting in cruel and unusual punishment. Compensatory and punitive damages are sought against the defendants in their individual capacities, and against the warden for state law claims for vicarious liability.

## PARTIES

3.     Plaintiff, Tristen Lamons, is an adult resident of the state of Louisiana who, at all time pertinent hereto, was an inmate of Dixon Correctional Institution ("DCI"), where he experienced various instances of harassment, brutality, and cruel and unusual punishment by several law enforcement and/or correctional officers of DCI.

4.     Defendant, Master Sgt. Octavia Thompson ("Msgt. Octavia Thompson"), is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC.

5.     Defendant, Lt. Malik Haynes, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

6.     Defendant, Col. Williams, is an individual whose complete identity is currently unknown to Plaintiff, despite reasonable efforts to ascertain the same and who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting

under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

7. Defendant, Msgt. Kimmy Shropshire, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

8. Defendant, Msgt. Jermaine Granger, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

9. Defendant, Lt. Col. Marcus Harris, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

10.    Defendant, Captain Casey Cooley, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

11.    Defendant, Major Michael Howard, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

12.    Defendant, Col. Ricky Williams ("Col. Williams"), is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC.

13.    Defendant, Lt. Col. Alivin Matthews, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

14.     Defendant, Col. Frazier Bendily, is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

15.     Defendant, Msgt. Janiequa Jackson ("Msgt. Janiequa Jackson"), is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC.

16.     Dan J. Lafleur, M.D., is an individual who, upon information and belief and at all times pertinent hereto, was employed by Louisiana Department of Public Safety and Corrections as a law enforcement and/or correctional officer at DCI and was acting in the course and scope of employment and under the color of state law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and DPSC. Plaintiff will amend this Complaint to substitute the true name of this Defendant upon discovery of his/her identity.

17.     Defendant, Keithe Turner ("Warden Turner"), is the Warden of DCI, and is sued in his official capacity only. Warden Turner, at all times pertinent hereto, was the chief policymaker and final decisionmaker for the facility with respect to the training, supervision, discipline, and conduct of correctional officers and staff.

18.     Defendant, Louisiana Department of Public Safety and Corrections ("DPSC") is an agency of the State of Louisiana responsible for the oversight, administration, and operation of adult correctional institutions throughout the state, including DCI.

## JURISDICTION AND VENUE

19.     This action arises under the Eighth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343. Venue is proper under 28 U.S.C. section 1391 in that the cause of action arises in the Parish of East Feliciana, State of Louisiana, Middle District of Louisiana and that all alleged acts occurred within the jurisdiction of East Feliciana, and the Middle District of Louisiana. Supplemental jurisdiction attaches to all State law claims under 28 U.S.C. 1367.3.

## FACTUAL ALLEGATIONS

20.     On or about March 24th, 2024, and at all times pertinent hereto, Mr. Lamons was incarcerated at the DCI in East Feliciana Parish, Louisiana.

21.     On that date at approximately, 2000 hours, Plaintiff walked into the restroom to urinate, when suddenly and without warning, Msgt. Octavia Thompson, entered into the restroom unannounced, looking over the barrier into Plaintiff's stall. While looking at him, Msgt. Octavia Thompson stated Plaintiff's "penis was little" which made Plaintiff feel violated and humiliated.

22.     Following the incident, Plaintiff attempted to report the incident to Captain Batiste – another correctional officer of DCI – who discouraged him from doing so. Shortly after, Lt. Malik Haynes placed Plaintiff in handcuffs and confined him in a cage without cause.

23.     On April 2, 2024, at approximately 1430 hours, Plaintiff attempted to report Msgt. Octavia Thompson's behavior to Col. Williams. Col. Williams then dismissed the report as

untimely and threatened to lock Plaintiff up indefinitely if he persisted to pursue the complaint. Col. Williams explained to Plaintiff that he could lock Plaintiff up for as long as he wanted to and asked if that would change Plaintiff's mind about pursuing the complaint.

24. After Col. Williams' remark, Plaintiff decided to leave without pushing the issue any further. As Plaintiff exited Col. Williams' office, Col. Williams screamed at Plaintiff to "open the door" to which Plaintiff did not respond.

25. Immediately thereafter, Col. Williams chased Plaintiff and placed him in cuffs, stating that he would "lock him up for investigation." Plaintiff asked Col. Williams if he was being detained in response to his complaint against Msgt. Octavia Thompson and Col. Williams stated he was in fact being locked up for that reason.

26. On or about April 9, 2024, at approximately 0900 hours, Plaintiff met with a Major Tate (first name currently unknown) regarding the investigation of Msgt. Octavia Thompson's conduct. Major Tate requested that Plaintiff report to the medical infirmary for an exam as a part of the investigation. While reporting to the medical infirmary, Plaintiff provided the paperwork regarding the investigation to Msgt. Kimmy Shropshire.

27. Msgt. Kimmy Shropshire then asked Plaintiff to follow her to the holding tank. As Plaintiff attempts to go to the holding tank, Msgt. Kimmy Shropshire closed the door on Plaintiff's foot as he tried to enter into the room. When he asks why she is doing this, she states "because she could." Msgt Shropshire threatened that she would read the details of the investigation report aloud if he did not comply with her.

28. On August 12, 2024, at approximately 1500 hours, Plaintiff was attacked and jumped in the recreation room and beat with locks by other inmates. Following the attack, Plaintiff

was denied medical treatment by the Dan J. Lafleur, M.D.. Dan J. Lafleur, M.D. refused to assess any of Plaintiff's wounds, nor would he take Plaintiff's blood pressure.

29.     After Plaintiff insisted that he was in need of medical care, Dan J. Lafleur, M.D. requested that security have Plaintiff removed from his office, refusing to render Plaintiff any further medical treatment or attention.

30.     Despite suffering severe pain, Plaintiff was forcibly returned to his cell, where he collapsed due to the pain upon arrival. Plaintiff was returned to the medical infirmary via wheelchair.

31.     Plaintiff continued to request emergency medical treatment and transport to hospital by ambulance. Dan J. Lafleur, M.D. stated that it was "too bad" and that Plaintiff was "ok."

32.     After continued complaints of pain in his neck and back, Plaintiff was subsequently taken to the medical infirmary for evaluation. An X-ray taken on August 15, 2024, revealed that Plaintiff had suffered a vertebral fracture. Dan J. Lafleur, M.D., then, ordered Plaintiff to be sent to University Medical Center Hospital in New Orleans, Louisiana.

33.     On or about August 19, 2024 Msgt. Janiequa Jackson reported to Plaintiff's dorm at which time Plaintiff asserts that Msgt. Janiequa Jackson falsely accused him of becoming aggressive and defiant regarding his duty status. This subsequently led to Msgt. Janiequa Jackson activating her beeper, requesting back up from other officers.

34.     In response to Msgt. Janiequa Jackson's beeper, Lt. Col. Marcus Harris, Captain Casey Cooley and Col. Frazier Bendily reported to Plaintiff's dorm and intervened.

35.     Captain Casey Cooley transported Plaintiff to a secluded office where he was physically assaulted, verbally degraded with racial slurs, and threatened with sexual violence.

More specifically, Captain Casey Cooley rubbed his groin area against Plaintiff's buttocks, threating that he could "fuck" Plaintiff if he wanted to.

36.    Captain Casey Cooley further abused Plaintiff by throwing a trash can into Plaintiff's left eye and forehead, causing severe pain and bleeding. There is currently still scarring on Plaintiff's face due to this incident.

37.    After being escorted to the medical infirmary due to the injuries caused by Captain Casey Cooley, Plaintiff was again denied proper medical treatment, being told by the Dan J. Lafleur, M.D. that he "looked fine."

38.    On or about August 31, 2024, Plaintiff was attacked by another inmate while in dorm 5 and 6 of DCI. Plaintiff chose not to defend himself during this altercation.

39.    At the time of the altercation, Major Michael Howard was near by and observed the incident. Major Michael Howard decided not to act or write up the inmate that attacked Plaintiff. Following the incident, Major Michael Howard locked Plaintiff up and did nothing to address the other inmate who initiated the attack.

40.    On or about September 3, 2024, at approximately 0945 hours, Plaintiff reported to the DCI medical infirmary for an emergency sick call, at which time he had certain legal documents and certain incident reports or ARPs contained in manila folders. During the visit, it was determined that Plaintiff would be transported to University Medical Center in New Orleans.

41.    At or about the same time, Plaintiff was commanded by Col. Williams to hand over his legal document, otherwise he would "get his ass beat." Col. Williams stated that he would lock the documents in his office. Col. Williams, then, proceeded to tell Plaintiff that he was lucky that he was not forced to "get on his knees and fix it."

42. On September 6, 2024, at approximately 0800 hours, while Plaintiff was resting due to his fractured vertebrae, Col. Frazier Bendily entered Plaintiff's dorm, kicked his bed, and directed a homophobic slur at him at the instigation of Msgt. Janiequa Jackson.

43. To date, Plaintiff has been and continues to sleep on the floor at times because his bed is either taken aware from him or he is placed in a room with no bed. This has continued on and off since he discovered his back was broken.

44. On many occasions, DCI has failed to provide Plaintiff with food as a form of punishment.

45. To date, Plaintiff has been in lockdown for a period of over 105 days.

46. Plaintiff avers that the DPSC is responsible for all injuries sustained as a result of the numerous instances of physical, mental, and emotional abuse by its employees, deputies, and officers as described above.

47. Plaintiff avers that his treatment should be classified as torture and most certainly considered cruel and unusual.

48. DPSC, DCI, and/or Warden Bickam was aware of physical pain and injuries that Plaintiff suffered and neglected to properly treat these injuries as well as take proper precautions to prevent the abuse.

49. Plaintiff has made multiple ARP complaints with the jail internally. Also, Plaintiff's mother has repeatedly called the prison about the treatment of her son. His mother fears that she will son receive a call that her son is deceased at the hands of a guard or another inmate.

## COUNT 1

*42 U.S.C. § 1983 against Defendants Master Sgt. Octavia Thompson; Lt. Malik Haynes; Col. Williams; Msgt. Kimmy Shropshire; Msgt. Jermaine Granger; Dan J. Lafleur, M.D.; Lt. Col. Marcus Harris; Captian Cooley; Major Michael Howard; Col. Ricky Williams; Lt. Col. Alvin Matthews; Col. Frazier Bendily; and Janiequa Jackson*

50.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

51.    Defendants, Master Sgt. Octavia Thompson; Lt. Malik Haynes; Col. Williams; Msgt. Kimmy Shropshire; Msgt. Jermaine Granger; Lt. Col. Marcus Harris; Captain Cooley; Dan J. Lafleur, M.D.; Major Michael Howard; Col. Ricky Williams; Lt. Col. Alvin Matthews; Col. Frazier Bendily; and Janiequa Jackson, acted with willful and wanton disregard of Plaintiff's rights constitutional rights, namely the Eighth and Fourteenth amendments.

52.    As a direct and proximate result of the aforementioned actions of Defendants, Master Sgt. Octavia Thompson; Lt. Malik Haynes; Col. Williams; Msgt. Kimmy Shropshire; Msgt. Jermaine Granger; Lt. Col. Marcus Harris; Captian Cooley; Major Michael Howard; Col. Ricky Williams; Lt. Col. Alvin Matthews; Col. Frazier Bendily; and Janiequa Jackson Plaintiff suffered damages, including but not limited to, humiliation and emotional distress, mental anguish, physical pain and suffering, medical expenses, and other consequential damages.

## COUNT 2

### *Intentional Infliction of Emotional Distress*
### *against Defendant Msgt. Octavia Thompson pursuant to LA. C.C. Art. 2315*

53.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

54.    Defendant Msgt. Octavia Thompson engaged in extreme and outrageous conduct by directing repeated, humiliating, and sexually explicit comments toward Plaintiff while Plaintiff was in custody and using the restroom.

## COUNT 3

### *False Imprisonment against Defendant Lt. Malik Haynes pursuant to LA. C.C. Art. 2315*

55.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

56.    Defendant Lt. Malik Haynes intentionally and unlawfully detained Plaintiff by placing Plaintiff in handcuffs and confining Plaintiff in a holding cage without legal justification, probable cause, or any disciplinary authority.

## COUNT 4

### *False Imprisonment against Defendant Col. Williams pursuant to LA. C.C. Art. 2315*

57.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

58.    Defendant Col. Williams intentionally and unlawfully detained Plaintiff by placing Plaintiff in handcuffs and confining Plaintiff in a holding cage without legal justification, probable cause, or any disciplinary authority.

## COUNT 5

### *Battery against Defendant Msgt. Kimmy Shropshire pursuant to LA. C.C. Art. 2315*

58.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

59.    Defendant, Msgt. Kimmy Shropshire subjected Plaintiff to physical pain when intentionally striking and/or slamming his foot with the door.

## COUNT 6

### *Battery against Defendant Col. Harris pursuant to LA. C.C. Art. 2315*

60.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

61.    Defendant, Col. Harris, intentionally subjected Plaintiff to physical violence by forcefully striking, kicking, and physically assaulting Plaintiff in a secluded room of the facility. This use of force was not provoked by any threat or resistance and was carried out as an act of retaliation for Plaintiff's prior exercise of protected conduct, including verbal complaints and/or grievances regarding staff misconduct.

## COUNT 7

### *Battery against Defendant Captain Casey Cooley pursuant to LA. C.C. Art. 2315*

62.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

63.    Defendant, Captain Casey Cooley, intentionally subjected Plaintiff to physical violence by forcefully striking, kicking, and physically assaulting Plaintiff in a secluded room of

the facility. This use of force was not provoked by any threat or resistance and was carried out as an act of retaliation for Plaintiff's prior exercise of protected conduct, including verbal complaints and/or grievances regarding staff misconduct.

## COUNT 8

### *Battery against Defendant Bendily pursuant to LA. C.C. Art. 2315*

64.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

65.    Defendant, Col. Frazier Bendily, subjected Plaintiff to physical violence by forcefully striking, kicking, and physically assaulting Plaintiff in a secluded room of the facility. This use of force was not provoked by any threat or resistance and was carried out as an act of retaliation for Plaintiff's prior exercise of protected conduct, including verbal complaints and/or grievances regarding staff misconduct.

## COUNT 9

### *Vicarious Liability of DPSC pursuant to LA. C.C. Arts. 2315, 2316, 2317, 2317.1 & 2320*

66.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-49 as though fully set forth herein.

67.    Defendant, DPSC, is liable for the assault, battery(s), intentional infliction of emotional distress, and false imprisonment. DPSC employed the officers, who committed assault, battery, infliction of emotional distress, and false imprisonment while acting in the scope of their employment.

68.     Defendant, DPSC, developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of inmates, including Plaintiff.

69.     It was the policy and/or custom of, DPSC, to fail to exercise reasonable care in hiring its officers and employees, including Defendants, Master Sgt. Octavia Thompson; Lt. Malik Haynes; Col. Williams; Msgt. Kimmy Shropshire; Msgt. Jermaine Granger; Lt. Col. Marcus Harris; Captain        Cooley; Dan J. Lafleur, M.D.; Major Michael Howard; Col. Ricky Williams; Lt. Col. Alvin Matthews; Col. Frazier Bendily, thereby failing to adequately prevent constitutional violations and duties on the part of the officers.

70.     It was the policy and/or custom of, DPSC, to inadequately supervise and train its its officers and employees, including Defendants, Master Sgt. Octavia Thompson; Lt. Malik Haynes; Col. Williams; Msgt. Kimmy Shropshire; Msgt. Jermaine Granger; Lt. Col. Marcus Harris; Captain Cooley; Dan J. Lafleur, M.D.; Major Michael Howard; Col. Ricky Williams; Lt. Col. Alvin Matthews; Col. Frazier Bendily, thereby failing to discourage further violation of Plaintiff's rights under federal and state law.

71.     As a result of the above-described policies and customs, the aforementioned officers and employees of DPSC believed that their actions would not be properly monitored by supervisory officer and that misconduct would not be investigated or sanctioned, but would be tolerated.

72.     The above described policies and customs demonstrate a deliberate indifference on the part of DPSC to the constitutional rights of persons within the DCI and were the cause of the violations of Plaintiff's rights alleged herein.

73.    Defendant, DPSC, is liable for any and all acts of negligence and willful and wanton disregard of Plaintiff's rights.

74.    Defendant, DPSC, is liable for the failure of its employees, officers, and/or supervisors to provide adequate care, adequate food, adequate bedding, and first taking such other actions against Plaintiff in an effort to punish him for making a complaint against one of their fellow officers, have caused and/or exacerbated his injuries and should be considered cruel and unusual punishment under the circumstances of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.  Enter judgment in favor of Plaintiff and against Defendants;

B.  Award Plaintiff compensatory and punitive damages against Defendants [judicial interest running from date of demand];

C.  Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

D.  Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

Respectfully submitted,

THE STEPHENS LAW FIRM LLC

*/s/ Christopher Hillman*_____
**CHRISTOPHER R. HILLMAN. (#38546)**
**WILLIE STEPHENS JR. (#36281)**
11940 Bricksome Ave, Suite D
Baton Rouge, Louisiana 70816
Tel: (225) 907-6777
Fax: (225) 612-6917
Email:Willie.Stephens@StephensInjury.com
Email: Hillman@StephensInjury.com
Attorneys for Plaintiff, *TRISTEN LAMONS*